WILLIAM FARNSWORTH v. SUPERVISORS OF KALKASKA COUNTY.

OLIVER P. ASKAM v. KALKASKA SUPERVISORS.

OLIVER C. ROWE v. KALKASKA SUPERVISORS.

*Mandamus—Conclusiveness of return—Medical services—Board of health.*

1. Where a mandamus proceeding is left to stand upon the answer to the order to show cause, the answer must be taken as true.

2. Mandamus to compel a board of supervisors to allow compensation for the use of relator's house for a small-pox patient was refused where the house was already infected before the patient was taken there.

3. Where the obligation of a board of supervisors to pay for medical services depends upon the ability of the patient to pay for them himself, such pecuniary ability is a question of fact to be passed on by the supervisors.

4. Whether a township board of health can employ one of its own members as physician and fix conclusively the salary to be paid him by the county—Q.

Mandamus.   Submitted April 28.   Denied May 13.

*McIntyre & Dunham* for relators.

*Perkins & Ellis* for respondents.

COOLEY, C. J.   Application is made in each of these cases for a writ of mandamus to compel the allowance and payment by the board of supervisors of sums which have been allowed in favor of the relators by the board of health of the township of Boardman in cases of small-pox.

The claims of relators arise under certain statutory provisions, which are found in sections 1647, 1650 and 1655 of Howell's Compilation, which are given in the margin.[1]

---

[1] Sec. 1647.   When any person coming from abroad, or residing in any township within this State, shall be infected, or shall lately before have been infected with the small-pox, or other sickness dangerous to the public health, the board of health of the township where such person may be, shall make effectual provision in the manner in which they shall judge best for the safety of the inhabitants, by removing such sick or

Farnsworth's claim is for the use of his house, and the care and nursing therein of one Barager, who was afflicted with the small-pox, and died there with that disease. Also for the destruction of infected furniture, which he alleges was destroyed by the order of the township board of health. The claim was allowed by the township board of health at the sum of $413, but the supervisors, as petitioner avers, declined to allow any part thereof.

The supervisors, in response to an order to show cause, return that before the relator took Barager to his house, his house had become infected by his child having the small-pox therein; that Barager was brother-in-law to relator, and was taken from a place where he was sick with the disease to the house of relator while the house was so infected; that a claim for the care and nursing of said Barager has been separately presented to and allowed by the respondent, and respondent denies that relator suffered injury from Barager being at his house under the circumstances. The respondent denies that the furniture of relator was destroyed by order of the township board of health, and says the destruction was by order of a person not a member of the board. The case is left to stand upon the answer, which must therefore be deemed true, and it seems fully to meet the application.

Askam's claim is for services as a physician. He is a member of the township board of health, and it seems that that

infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries, which shall be at the charge of the person himself, his parents, or other person who may be liable for his support, if able; otherwise, at the charge of the county to which he belongs.

Sec. 1650. Any two justices of the peace may, if need be, make out a warrant under their hands, directed to the sheriff, or any constable of the county, requiring him, under the direction of the board of health, to remove any person infected with contagious sickness, or to take possession of convenient houses and lodgings, and to provide nurses, attendants, and other necessaries, for the accommodation, safety, and relief of the sick.

Sec. 1655. Whenever the sheriff or other officer shall take possession of any houses, stores, lodgings, or other necessaries, or shall employ any nurse or attendants, as provided in this chapter, the several parties interested shall be entitled to a just compensation therefor, to be paid by the county in which such person or property shall have been so employed or taken possession of.

board fixed his compensation at ten dollars a day. The service, he says, was performed under "a resolution, in which said board agreed to allow to your petitioner the sum of ten dollars per day for the care and treatment by your petitioner of said small-pox patients, which compensation your petitioner agreed to take." His bill was allowed by the township board of health at $520, and the respondents allowed him $74 only.

The respondent, for answer, after raising the question whether the county is liable for the allowance agreed to be made to relator as a member of the township board of health, says that "after examination and investigation said board reached the conclusion that the greater portion of the persons so infected with small-pox, or the persons liable for their support, were sufficiently able to pay for the medical attendance and necessaries furnished them by the relator, and that the time spent and necessaries furnished by the relator to persons who were themselves unable to pay the same amounted to seventy-four dollars at the rate established by said board of health, which said sum of seventy-four dollars was then and there allowed by said board of supervisors to said relator." The question of the pecuniary ability of the persons themselves to pay was one of fact, to be passed upon by the supervisors (*People v. Supervisors of Macomb Co.* 3 Mich. 475, 478), and having been decided adversely to the relator is conclusive in this proceeding. Whether it was competent for the board of health to employ its own members, and then fix conclusively the compensation to be made by the county, is a question of no little importance, but we do not enter upon it here, it being unnecessary to do so.

Rowe's claim is for the use of a building taken by the board of health for a hospital. For its use that board allowed $350. The respondent allowed $152.50 only. The reason assigned for not allowing more is the same as in the case of Askam, and is equally conclusive.

I see no ground for awarding a writ of mandamus in either case. No costs will be awarded.

The other Justices concurred.