## ANNA RAE v. THE MAYOR AND ALDERMEN OF THE CITY OF FLINT.

*Public health—Nursing.*

The charter of Flint requires the common council to take measures for the preservation of the public health. Act 145 of 1879 makes the council the board of health where no other board is appointed. *Held*, that a nurse employed by the council to care for small-pox patients was entitled to compensation from the city, even where the patient was of sufficient ability to pay for the service himself; and Comp. L., § 1706, making the cost of services rendered to such persons an individual liability, does not exempt the city from the immediate liability, if, indeed, it applies at all in cases of public emergency.

The obligation and the power of a city council to act as a board of health and prevent the spread of contagion is not lessened by their omission to create a separate board of health, and their power is a police power, and is commensurate with their duty.

Error to Genesee. (Newton, J.) Oct. 5.—Oct. 17.

Assumpsit. Defendant brings error. Affirmed.

*Long & Gold* for appellant.

*Howard & Thayer* for appellee, cited as a similar case indicating that the city was primarily liable, *City of Clinton v. County of Clinton* (Ia.) 16 N. W. Rep. 87.

Graves, C. J. The plaintiff acted for many weeks as a nurse of small-pox patients in the city of Flint. The service was onerous, responsible and dangerous. She charged the city for it, and called for payment which was refused. She sued and obtained a verdict. The jury found, on satisfactory evidence, that her employment was by authority of the common council and that she rendered the service on the faith of that employment.

The only question open to discussion is whether the procurement of her assistance was within the power of the council. If it was, the city is liable and the judgment is regular.

In the course of the argument several statutes have been referred to. The citations need not be repeated. The power is not left to implication. The law is express. In the first place, the charter requires the common council to adopt measures for the preservation of the public health, and specifies as one of those measures the institution of a board of health. Act 372 of 1867 sec. 19. In the next place it is provided by a general act that in any city where no board of health is actually organized, the duties, powers and functions shall belong to the mayor and aldermen. Pub. Acts 1879, Act 145, amending the general law. The city of Flint did not see fit to create a board of health as a distinct agency, but elected the policy authorized by the statute of 1879. The whole duty and the whole authority remain, therefore, in the common council. No part of either was transferred. The duty to guard the public health and prevent the spread of contagion was imperative,

and the power of the common council was commensurate with the duty. Neither the power nor the obligation could be lessened by the failure to designate a sub-agency.

An objection is raised that the persons cared for were of sufficient ability to defray all the expense, and that the plaintiff should be required to obtain her compensation from them, and a provision in the general statute is cited. Comp. L. § 1706.

It is not admitted that this provision is operative in the city of Flint. But if it is, it will not sustain the point for which it is cited. In providing that what is done shall be at the charge of individuals, it is not intended to exempt the public from immediate liability. It would be impossible under such a regulation to effectuate the general object. Individuals would not be willing to provide necessaries and serve as nurses and assistants, at the instance of the public, if compelled to collect their pay of the patients or their relatives. The public is first and immediately responsible, and the intent of the statute is to enable the public to obtain reimbursement from those who ought to sustain the expense.

The plaintiff hired herself to the city. She trusted the city and no one else. The occasion was a public one. It was an emergency to which the duty and authority of the common council attached under the power of police, and the right and duty to act depended in no manner on the pecuniary ability of the persons who were sick or infected. The great object was to stay the contagion, and the proper and humane care of the individuals was a righteous incident. The question is not affected by any of the other provisions. We are satisfied that the council was fully authorized to employ the plaintiff, and that the city is liable.

The judgment should be affirmed with costs.

The other Justices concurred.