| | |
|---|---|
| 74 | 63 |
| 85 | 58 |
| 74 | 63 |
| 100 | 334 |
| 74 | 63 |
| 110 | 85 |
| 74 | 63 |
| 126 | 440 |
| 74 | 63 |
| 135 | ²128 |

ARTHUR WILKINSON v. THE TOWNSHIP OF LONG RAPIDS.

*Townships—Board of health—Services of physician—Estoppel— Allowance of claim by township board.*

1. A physician employed by the agent of a township board of health to treat scarlet fever patients, under a resolution of the board authorizing such agent to quarantine the patients until the danger of communicating the infection had passed, and during such time to provide for their *wants*, is entitled to recover from the township the reasonable value of his services rendered under such employment.

2. The board of health of a township has power, and it is its duty, during the prevalence of a contagious disease (scarlet fever) if necessary, to employ a physician, and the township is primarily liable in the premises, and such physician is not bound to look anywhere else for payment, his contract being with the

township. *Rae v. Flint*, 51 Mich. 526; *Elliott v. Supervisors*, 58 Id. 452.

3. Receiving a township order on the allowance of a part of an account for services rendered, for which the township is liable to pay their reasonable value, will not preclude the creditor from suing for the balance of his services, if he does not accept the order in full payment.

4. The decision of a township board, unlike that of the board of supervisors, is not final and conclusive upon the claimant or upon the courts.

'Error to Alpena. (Kelley, J.) Argued January 30, 1889. Decided February 8, 1889.

*Assumpsit.* Defendant brings error. Affirmed. The facts are stated in the opinion.

*Shields & McNamara,* for appellant

*Turnbull & Dafoe,* for plaintiff.

MORSE, J. The plaintiff, a physician residing in the city of Alpena, brought this suit against the township of Long Rapids, in the same county, for services in attending upon scarlet fever patients in said township. He recovered a judgment in the circuit court for the county of Alpena before a jury for the sum of $142. The defendant claims that the verdict should have been directed in its favor for three reasons ·

1. There was no evidence showing that the board of health of the township ever employed the plaintiff, or authorized any one to do so in its behalf.

2. The action against the township is not the proper remedy.

3. If the action is proper, the plaintiff cannot maintain it, because he presented his account to the proper auditing board,—the township board,—who audited and allowed it at $25. Said board issued an order for that amount, which the plaintiff received and still retains.

We will examine these objections in their order.

The plaintiff presented in evidence the following facts: He resided in 1885 at the city of Alpena. In the fall of that year scarlet fever made its appearance in the township of Long Rapids. The board of health in said township met to take action looking towards the suppression of the disease, and to prevent its further spread. From the record of said board it appeared that December 2, 1885, a meeting was held, at which the following action was taken :

"The board of health of the township of Long Rapids met per call at the clerk's office December 2, 1885. The following officers present: Jay Brown, S. E. Le Roy, James Twaits.

"It was moved by James Twaits and supported by S. E. Le Roy that Jay Brown take the chair. Carried. It was explained by Jay Brown that the object of the meeting was to take proceedings to stop as far as practicable the further spread of the scarlet fever, which was then raging; in view of which, it was moved by S. E. Le Roy, and supported by James Twaits, that the several schools known as the Twaits, Jones, McMillan, Norwegian, and Soper be closed for an indefinite time. Carried unanimously.

"It was moved and supported that Mr. Jay Brown be authorized to open or close the schools according to his best judgment without necessitating the calling of a meeting for that purpose. Carried.

"It was moved by James Twaits, and supported by Jay Brown, that William Lumsden be authorized to compel the persons having the scarlet fever, or living in the same house where it is, to remain at home until the danger of communicating the infection is passed, and to provide for the wants of such persons as long as it is necessary for the public safety. Carried. Upon motion the board adjourned indefinitely. JAMES TWAITS, Clerk.

"Dated Long Rapids, December 2, 1885."

Mr. Lumsden, the agent thus appointed, came to plaintiff in December, 1885, and wanted him to go to said township and examine the different cases of supposed

scarlet fever. He represented himself as an agent of the board of health. Plaintiff, by the arrangement between him and Lumsden, was to go out to the township every time Lumsden sent him an order to do so. He went out December 12, and visited six families. Lumsden went around with him. Plaintiff went out several other times in the same month. Once he went out on the order of the clerk or chairman of the board of health. He presented his bill to the board of health, and they only allowed him $25. He sent the order out to the township to be cashed, and was offered $15 for it. Two members of the township board, as witnesses for the plaintiff, testified that Lumsden was the duly appointed health officer of the board. The plaintiff also gave other evidence tending to show that individual members of the board of health authorized said Lumsden to employ plaintiff, but the only action of the board, as such, recorded, with reference to said Lumsden, is as set out in the proceedings above given. There was also evidence tending to show that each individual of the township board had knowledge that the plaintiff was performing the services sued for, and made no objection until his bill was presented.

On the part of the defendant, two of the members of the township board testified that Lumsden was never authorized or directed by said board to employ the plaintiff or any other physician. Lumsden was only employed to visit the families sick with scarlet fever, see that they were kept at their houses and prevented from going abroad, and to bring to them such things as they might need.

The court below submitted this case, we think, upon the matter of employment, more favorably than the defendant could reasonably ask under the testimony.

There was no dispute but Lumsden employed plaintiff; that he performed the services; and that his charges were reasonable.   This showing, with the record of the action of the board of health, at their meeting of December 2, 1885, was sufficient to authorize a verdict in the plaintiff's favor.

It is contended that no oral evidence could be introduced of the action of the board, or of any of its individual members, in employing plaintiff, or in ratification of such employment.   We do not deem it necessary to discuss this contention, because the record itself, in our view of the case, gave Lumsden the requisite authority to employ a physician.   We can conceive of no greater or more pressing " want " that these sick people would need provided than the want of a physician.   And inasmuch as these families were to all be kept within their homes until all danger of communicating the disease had passed, this want could not be well supplied except by Lumsden, who had charge of them.

It was argued that the appointment of a health officer could not be shown orally, but must be a matter of public record, and that the record showed no such appointment; and in the same breath it also argued that there is nothing in the case to show that a health officer was not appointed, as required by statute, and that the presumption in the absence of proof must be that such officer had been appointed, and that the board had its proper executive officer outside of Lumsden to hire physicians if it became necessary.   To this strait is the township reduced in order to defeat plaintiff's recovery.   The judge should have directed a verdict for the plaintiff. We can find no merit whatever in the defense.

The action was properly brought against the township. The board of health has power, and it is its duty in such cases, if necessary, to employ a physician, and the

township is primarily liable in the premises; and the physician so employed is not bound to look anywhere else for payment.    His contract is with the township.    *Rae v. Flint,* 51 Mich. 526 (16 N. W. Rep. 887); *Elliott v. Supervisors,* 58 Id. 452 (25 N. W. Rep. 461).

The fact that the township board allowed the plaintiff $25 on his account, instead of being a ground for verdict against him, furnishes one of the best of reasons why the township should pay him the reasonable worth of his services.    He sent his account to them.    They did not reject it for the reason that he had never been employed, but allowed it in part, thus recognizing the validity of his employment, and the clerk of the board wrote him a letter saying that was all the board said they owed him. The $25 was deducted by the jury, under the instructions of the court, from the amount they found plaintiff's services to be worth, before verdict.    The receiving of the order did not preclude plaintiff from suing for the balance of his services, as he did not accept it in full payment, and the decision of the township board, unlike that of the board of supervisors, is not final and conclusive upon the claimant or upon the courts.

The judgment is affirmed, with costs.

The other Justices concurred.