PEASE v. COMMON COUNCIL OF SAGINAW.

1. MUNICIPAL CORPORATIONS—BOARDS OF HEALTH—PHYSICIAN'S COMPENSATION—CONCLUSIVENESS OF ALLOWANCE.

Where a city council, pursuant to charter authority, established a board of health, conferring upon it all the powers vested in township boards of health by chapter 108, 2 Comp. Laws 1897, section 2 of which authorizes such boards to regulate and audit all fees and charges of persons employed by them, an allowance by such board of the bill of a physician for services rendered under its direction is conclusive upon the city, and the amount allowed cannot be reduced by the council, notwithstanding a general charter provision empowering the council to pass upon all claims against the city.

2. SAME—PART PAYMENT OF CLAIM—ESTOPPEL.

An acceptance by a claimant against a city of an amount allowed him by the common council, being a part only of a definite sum to which he was legally entitled, will not estop him from recovering the balance, although such payment was made and accepted with the understanding that it should constitute full satisfaction of the claim.

*Certiorari* to Saginaw; Snow, J. Submitted November 13, 1900. Decided May 7, 1901.

*Mandamus* by L. Willard Pease to compel the common council of the city of Saginaw to allow relator's claim for services rendered by direction of the board of health. From an order denying the writ, relator brings *certiorari*. Reversed.

*William G. Gage*, for relator.

*Henry E. Naegely*, for respondent.

LONG, J. Relator is a physician, and under the direction of the board of health of the city of Saginaw performed professional services for the city in certain contagious diseases. He presented his bill for $480 to the board of health, and that body allowed it at that sum. The bill was then certified to the controller and the committee of the council on finance and auditing, who, after taking testimony as to the value of the services, reached the conclusion that the usual charge was $3 per visit, instead of $5, as charged by the relator, and thereupon reported to the common council recommending that the claim be allowed at $292, and that relator be tendered that amount in full settlement of his claim. This recommendation being adopted by the common council, the bill was allowed at that sum. An order was drawn upon the city treasurer for that amount in favor of the relator, which order he at first refused to take. It is the claim of relator that he called upon the city clerk, who informed him he could take the order, and that it would not be a receipt in full for his services, and that thereupon he took the order. The city refusing to pay anything more upon the claim, relator presented his petition for *mandamus* to the circuit court of Saginaw county to compel respondent to pay the balance of his claim. The respondent filed an answer to this petition, setting up the facts, and claiming that the relator had accepted the order in full payment of

his claim. A replication was filed to this answer, and an issue framed upon the question whether the relator did accept the order in full payment of his claim. The court found upon that question in favor of respondent.. The city, in making return to the order to show cause before the circuit court, returns that the value of relator's services did not exceed $292, and that this amount was tendered him, and by him accepted, in full payment of his claim. The court below having denied the writ of *mandamus*, the case is brought into this court by writ of *certiorari*.

It is claimed by counsel for relator:

1. That it was the duty of the board of health to pass upon the amount of compensation; that that board only could fix the amount owing him; and that the amount so fixed could not be reduced by action of the common council, but that it was bound to issue the order to him for the amount claimed.

2. That, although the court below found that the relator accepted the $292 in full payment of his claim, yet, having the legal right to the full amount allowed by the board of health, he is not estopped from claiming the balance due him.

Act No. 455, Local Acts 1889, provides that:

"The common council shall have power * * * by. ordinance * * * to establish a board of health, and to invest it with all such powers, and to impose upon it such duties, as shall be necessary to secure the inhabitants of the city from contagious, malignant, and infectious diseases, and to provide for its proper organization, and for the appointment of proper officers; to make all such by-laws, ordinances, and regulations for the government of such board of health, and for the preservation of the health of the inhabitants of the city, as shall secure a prompt and efficient discharge of the duties imposed upon the common council by this act.". Title 9, § 1

Under this act the common council, April 24, 1893, passed an ordinance to establish a board of health, prescribing its powers and duties. The ordinance provides that the board of health shall consist of five members, to

be appointed by the mayor and approved by the council; that the board shall select its own president, and possess all the powers and perform all the duties imposed upon boards of health of townships and cities under the provisions of chapter 39, 1 How. Stat., and all acts amendatory thereof.    The ordinance also provides that there shall be a health officer annually appointed by the common council from each of the taxing districts of the city, and that the chief of police of said city shall be assistant health officer, and shall have the power to detail so many of the police force of said city to assist him in the discharge of his duties as he may deem necessary.    It is also provided by section 14 of the ordinance that:

" Any and all expense incurred by the health officer or assistant health officer in the removal or abatement of any nuisance, or in the putting of any premises in a sanitary condition, shall be certified by said officer under whose direction the same shall be expended to the controller of said city, and shall be audited and paid in like manner as other claims against the city," etc.

It appears that, under the charter of the city, all boards have the power to certify to the common council for payment accounts of all indebtedness incurred by them.    It is contended by counsel for respondent that it is obvious that the legislature intended, by enacting the foregoing section of the charter,[1] to lodge all power in the common council to bind the city in regard to the amount of any claim against it; that it was not intended that the expense incurred by the board of health, or by the health officer or his assistant, should be fixed and determined by the board of health, but by the common council.

We think this contention cannot be sustained, for the reasons: (1) That the ordinance does not apply to services rendered by the health officer; (2) that the value of the services of a health officer, under chapter 39, 1 How. Stat., must be determined by the health board.    The ordinance of the city creating a board of health provides that

---

[1] *I. e.,* Act No. 455, Local Acts 1889, tit. 4, § 4.

the board shall possess all the powers of boards of health in townships under the provisions of chapter 39, 1 How. Stat., and all acts amendatory thereof. The boards of health in townships under that chapter have the power, by section 2, to fix the compensation of health officers, and to audit all fees and charges of persons employed by them in the execution of the health laws and their own regulations. That the board of health can fix and determine such compensation has been many times held by this court. *Wilkinson* v. *Township of Long Rapids,* 74 Mich. 67 (41 N. W. 861); *Elliott* v. *Board of Sup'rs of Kalkaska Co.,* 58 Mich. 452 (25 N. W. 461, 55 Am. Rep. 706); *McKillop* v. *Board of Sup'rs of Cheboygan Co.,* 116 Mich. 617 (74 N. W. 1050).

The acceptance of a part of the amount fixed by the health board will not preclude the health officer from recovering the whole. *Wilkinson* v. *Township of Long Rapids,* 74 Mich. 68 (41 N. W. 861).

The order of the court below must be reversed, with costs, and an order entered here directing the council to pay the amount found due by the health board.

The other Justices concurred.