## CHARLES ENDRISS v. COUNTY OF CHIPPEWA.

*Claims against county—Supervisors.*

The original jurisdiction over claims against counties which belonged to the courts at common law before the adoption of the Constitution was not taken away by the constitutional provision that the board of supervisors should have exclusive power to adjust all claims against their respective counties, and the sums so fixed should be subject to no appeal. The purpose of the provision was to take away the right of appeal.

A claim against a county for moneys illegally collected by its officers will sustain an action at common law against the county, and such an action is not prohibited by the clause in the Constitution giving the board of supervisors "exclusive power to adjust all claims against their respective counties." Art. x. § 10.

Error to Chippewa.  Submitted April 8.  Decided April 21.

ASSUMPSIT.  Plaintiff brings error.

*B. T. Prentis* for plaintiff in error.  Suit lies against townships (*Marathon v. Oregon* 8 Mich. 372; *Dayton v. Rounds* 27 Mich. 82; *McArthur v. Duncan* 34 Mich. 27) and counties, *Larkin v. Saginaw County* 11 Mich. 88; Comp. L. §§ 433, 457, 463, 529, 531.

*Charles S. Cushman* for defendant in error.

COOLEY, J.  This case is not stated so fully as would have been desirable.  It is only said in the record to be brought "for money illegally collected by the officers of said county, and received and receipted for by the treasurer thereof, which said money was paid by said plaintiff under protest."  The circuit judge refused to receive any evidence in support of the action, and dismissed it for want of jurisdiction.  We are not informed on what ground the money was exacted, but for the purpose of deciding the question of jurisdiction that is not very material.

The case was dismissed on the ground that under section 10 of article 10 of the Constitution the board of supervisors have exclusive jurisdiction to pass upon and adjust the plaintiff's demand.  That section is: "The board of supervisors, or in the county of Wayne the board of county auditors, shall have the exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against their respective counties; and the sum so fixed or defined shall be subject to no appeal."  The exact meaning of this provision is the subject of this controversy.  There is no doubt that under it the board of supervisors has exclusive jurisdiction of some classes of claims, but whether

a claim for money illegally exacted is within the intent of the section is disputed.

This is not the first time the court has been called upon to put a construction upon this section. In *People v. Auditors of Wayne* 10 Mich. 307, it was held that the decision of the board on all questions of fact involved in claims against the county could not be reviewed by the court directly or indirectly. This view was reaffirmed in *Mixer v. Supervisors of Manistee* 26 Mich. 422, where it was at the same time declared that the board was bound to act fairly, and to pass upon claims on the general principles governing judicial bodies. See also *Videto v. Supervisors of Jackson* 31 Mich. 118; and *People v. Supervisors of Manistee* 33 Mich. 497. But from the very first it has been denied that this section gave to the supervisors an unlimited authority to allow or disallow at will all classes of claims that may be presented to them.

In *People v. Supervisors of Macomb* 3 Mich. 476, it was held that where the statute gave to any other board of officers the authority to incur a liability on behalf of the county, and to adjust the amount of the same, the board of supervisors was not at liberty to refuse to recognize, allow or pay it. If they had the power to do so they would in that regard be above the Legislature itself, and might set at defiance alike justice and the law. This case was followed in *People v. Auditors of Wayne*, 13 Mich. 233, and in *Kennedy v. Gies* 25 Mich. 83, mandamus was refused to compel the county treasurer to pay a demand which the county auditors of Wayne had allowed for services for which the statute itself had established a lower compensation.

None of these cases covers the present. This suit is grounded in common law principles, and there is no statute which provides for or embraces it. The case made is one in which the county has illegally exacted money from the plaintiff, and refuses to restore it. Can the board of supervisors under the Constitution take

from the plaintiff this money, and deprive him of all remedy therefor, by simply refusing to audit his claim? He has not performed services for the county, and thereby submitted himself to the jurisdiction of the board; he has not contracted with the county; he has merely, according to his allegations, had the misfortune to have an illegal claim presented against him by the county. He has submitted to the illegal claim under protest, and the question now is, whether in respect to obtaining redress he is remitted exclusively to the county itself, represented in his official board.

We find nothing to sanction this claim in the meagre reports of debates in the constitutional convention. The section is spoken of as one to confer upon the supervisors exclusive authority to fix the salaries of county officers and to pass upon claims for services rendered to counties. The section as first introduced related to salaries only (Constitutional Debates, 339); and it was made more general so as to cover other services performed for counties, and also those of town officers and other persons when under the law they constitute a proper liability against the counties. Id. 345. No speaker intimated that the provision was broad enough to cover a case like the present.

Under the law in force when the Constitution was adopted, any person whose "claim" against a county was disallowed by the board of supervisors, in whole or in part, might appeal therefrom to the circuit court. Rev. St. 1846, p. 68. In another section the claim of the appellant is spoken of as an "account" (ibid., p. 69); and it is very clear that the statute did not intend to give the supervisors jurisdiction of all possible claims; for in another chapter actions against counties were expressly provided for (ibid. pp. 529, 530). And it was never understood that the courts were ousted of their jurisdiction of common law actions. The boards of supervisors fixed the salaries of county officers and passed upon the accounts of justices and constables in criminal cases, of accounts against their respective coun-

ties under the laws for the support of the poor and those for the protection of the public health, subject in all cases to an appeal to the circuit court; but actions arising at the common law were left to common law remedies.    The purpose of the section of the Constitution now under discussion was to take away the right of appeal, but not to deprive the courts of the original jurisdiction before existing.    See *McMahon v. Auditors of Wayne County* 41 Mich. 223.

The judgment must be reversed with costs, and the case remanded for trial.

The other Justices concurred.