## WITHEY v. OSCEOLA CIRCUIT JUDGE.

Constitutional Law—Claim Against County—Attorney Appointed to Defend Criminal—Compensation—Duty of Presiding Judge.

> Act No. 96, Pub. Acts 1893, providing that an attorney appointed to conduct the defense in a criminal case shall be entitled to receive from the county treasurer, on the certificate of the presiding judge, such an amount as the judge shall, in his discretion, deem reasonable compensation for the services performed, not exceeding the sum of $50, is not repugnant to section 10, art. 10, of the Constitution, which vests in the board of supervisors the exclusive power to prescribe and fix the compensation for all services rendered for and to adjust all claims against the county; and it is the duty of the trial judge to fix the amount of such compensation, and to certify the same, in accordance with the statute. *People* v. *Hanifan*, 99 Mich. 516, distinguished.

*Mandamus* by Charles A. Withey against James B. McMahon, circuit judge of Osceola county. Submitted December 3, 1895. Granted December 4, 1895. *Memorandum* opinion filed December 31, 1895.

Relator was appointed by respondent to conduct the defense, at the expense of the county, of a person charged with the commission of a felony. Having performed the services, he applied to the respondent to fix the compensation to which he was entitled therefor, pursuant to Act No. 96, Pub. Acts 1893, which provides:

"Whenever any person charged with having committed any felony or misdemeanor shall be unable to procure counsel, and the presiding judge shall appoint some attorney to conduct the defense, the attorney so appointed shall be entitled to receive from the county treasurer, on the certificate of the presiding judge that such services have been duly rendered, such an amount as the presiding judge shall, in his discretion, deem reasonable compensation for the services performed: *Provided*, that the compensation allowed in any one case shall not exceed the sum of fifty dollars."

Respondent refused to do more than to certify to the performance of such services, and recommend to the board of supervisors of the county an amount that he considered to be just compensation therefor, whereupon relator applied for *mandamus* to compel the granting of his application. Respondent, in his return to this court, relied upon the case of *People* v. *Hanifan*, 99 Mich. 516, as precluding any further action by him.

*Charles A. Withey, in pro. per.*

*C. H. Rose*, for respondent.

PER CURIAM. This application is to have the circuit judge fix the amount and certify the same under Act. No. 96, Pub. Acts 1893. *People* v. *Hanifan*, 99 Mich. 516, is not controlling, as section 9047, 2 How. Stat., does not either fix the amount, limit the same, or determine who shall fix it. Act No. 96 limits the amount, and provides that the presiding judge shall fix the same. This is competent under *People* v. *Macomb Co. Supervisors*, 3 Mich. 475, and *People* v. *Wayne Co. Auditors*, 13 Mich. 233.