VILLAGE OF ST. JOHNS v. BOARD OF SUPERVISORS OF CLINTON COUNTY.

1. HEALTH OFFICERS—COMPENSATION—INFECTIOUS DISEASES.

A county is liable for · extraordinary services performed by a village health officer, under arrangement with the local board of health, in suppressing an epidemic of smallpox, the persons afflicted being in indigent circumstances, under 1 How. Stat. §§ 1647, 1648, 1681, making it the duty of boards of health, in case of infectious disease, to provide for the safety of the inhabitants by isolating the infected person, and providing assistance and necessaries, "at the charge of the person himself   *   *   *'   if able, otherwise at the charge of the county," although sections 1681*b*, 1681*d*, 3 How. Stat., prescribing the duties of the local health officer in such cases, provide that he shall be entitled to compensation from the village of which he is officer.[1]

2. SAME — EMPLOYMENT BY BOARD OF ONE OF ITS MEMBERS — VALIDITY.

The fact that the board of health of a village, during an epidemic of smallpox, employed one of its members, the local health officer, to render extraordinary services, and fixed the compensation therefor, does not preclude the village from recovering from the county the sum so paid, if the officer took no part in fixing such compensation, and it was reasonable in amount.

---

[1] The especial powers and liabilities of municipalities in time of epidemic are discussed in a note to *Thomas* v. *Town of Mason*, (W. Va.) 26 L. R. A. 727.

111 MICH.—39.

*Certiorari* to Clinton; Daboll, J. Submitted January 5, 1897. Decided February 18,.1897

*Mandamus* by the village of St. Johns to compel the board of supervisors of Clinton county to allow a claim for the compensation of a health officer for special services during an epidemic of smallpox. From an order granting the writ, respondent brings *certiorari*. Affirmed.

*Will H. Brunson*, for relator.

*Spaulding & Norton*, for respondent.

LONG, C. J. On October 31, 1894, an epidemic of smallpox broke out in the village of St. Johns, and the board of health, being the trustees of the village, increased the pay of its health officer, Dr. Henry Palmer, one of its members, by a further sum of $10 a day. Dr. Palmer performed the duties of health officer, with this increased compensation, for 69 days, during the prevalence of the smallpox. The village audited, and presented to the board of supervisors for allowance, a bill of expenses incident to the epidemic, amounting to $2,810.48. This bill included among its items $690 as salary to its health officer, and $150 paid him as compensation in attending certain indigent persons, and being all the indigent patients he attended. These services as physician were rendered during the time he was receiving additional compensation as health officer. The board of supervisors allowed and paid the whole bill, except the $690 to the health officer. This it refused to pay, and the village filed a petition for a *mandamus* in the circuit court for Clinton county to compel its payment. After a hearing in that court, the writ was issued against the board, directing the payment of this item. The case was heard on petition and answer, and the following stipulation of facts made:

"It is hereby stipulated that the only questions to be decided in this case are whether the fact that the health

officer was a member of the board of health of the village
of St. Johns prevents a recovery by the village; and,
second, whether the fact that the services for which
the bill in question was rendered were performed by
the health officer of said village, as health officer, in
preventing the spread of the smallpox, and in taking
measures for the safety of the inhabitants during the
epidemic of smallpox, prevents a recovery by the village.
It is admitted that, at the outset of the epidemic, an agree-
ment was entered into between Dr. Henry Palmer, the
health officer, and the board of health of said village,
by which said health officer was to receive at least $10
a day over and above his annual salary of $100 while em-
ployed about the smallpox epidemic, and as much more as
they should agree upon later.   It is also admitted that the
bill in question is a reasonable one for the services per-
formed, and that those persons who were sick with small-
pox during said epidemic, and their parents, and all others
liable for their support, were unable to pay the same,
or any part thereof.   It is also admitted that the sum
of $690 was allowed by said board of health to said health
officer for said services, and paid by said village for ser-
vices in and about said epidemic, as health officer, and
that this sum was over and above the annual salary of
$100 paid to said health officer.   The object of this stipu-
lation is not to set forth all the facts, but to limit the
issues in the case to the two questions first stated in
this stipulation, and thus prevent the framing and trial of
issues of fact."

The case comes into this court by writ of *certiorari* to
review the findings of the court below.

Counsel for the board of supervisors contend that the
board of health cannot fix the compensation of one of its
members, and thus bind the county for the payment of
the amount so fixed, and cite *Kennedy* v. *Gies*, 25
Mich. 83, and *Farnsworth* v. *Supervisors of Kalkaska
Co.*, 56 Mich. 640.   We think those cases not controlling
in the present controversy.   Dr. Palmer was a member
of the board, but there is nothing in the record to show
that he took any part in the proceedings to fix his com-
pensation; and the stipulation itself recites that the ser-
vices had been performed, and that the bill charged was

a reasonable one. In *Farnsworth* v. *Supervisors of Kalkaska Co., supra,* it was said: "Whether it was competent for the board of health to employ its own members, and then fix conclusively the compensation to be made by the county, is a question of no little importance; but we do not enter upon it here, it being unnecessary to do so." We should doubt the power of the board of health to fix conclusively the amount of the claim of Dr. Palmer, did it appear that he took part, as a member of the board, in fixing his own compensation, and the board of supervisors were contesting the claim upon the ground that the amount fixed was excessive. But the case presents no such feature. It is stipulated that the charges are reasonable for the services performed, and that the persons who were sick with the smallpox, and all others liable for their support, were unable to pay the same, or any part thereof.

We think that the second contention of counsel cannot be sustained. Section 1681*b*, 3 How. Stat., prescribes the duties of the health officer in case of an epidemic of smallpox, etc., or other communicable disease dangerous to the public health, in cities, townships, and villages. Section 1681*d* provides:

"In the fulfillment of the requirements of this act, the health officer, unless other provision shall have been made in accordance with law, shall be entitled to receive, from the township, city, or village of which he is the health officer, compensation at the rate of not less than two dollars per day," etc.

The contention of the board of supervisors is that these sections place the burden of payment of the health officer upon the township, city, or village. These sections, however, must be construed with sections 1647, 1648, 1 How. Stat. Section 1647 provides:

"When any person coming from abroad, or residing in any township within this State, shall be infected, or shall lately before have been infected, with the smallpox, or other sickness dangerous to the public health, the board

of health of the township where such person may be shall make effectual provision, in the manner in which they shall judge best, for the safety of the inhabitants, by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries, which shall be at the charge of the person himself, his parents, or other person who may be liable for his support, if able; otherwise, at the charge of the county to which he belongs."

Section 1648 provides:

"If any such infected person cannot be removed without danger to his health, the board of health shall make provision for him, as directed in the preceding section, in the house in which he may be, and in such case they may cause the persons in the neighborhood to be removed, and may take such other measures as they may deem necessary for the safety of the inhabitants."

Section 1681, 1 How. Stat., imposes the same duties upon the boards of health of cities and villages as are imposed by sections 1647, 1648, 1 How. Stat., upon boards of health of townships. These sections make it the duty of boards of health to prevent the spread of the disease, and to do whatever such boards may deem necessary for the safety of the inhabitants. The services rendered by Dr. Palmer were in the line of this duty. Prior to the epidemic his salary had been fixed at $100 per annum. When the epidemic commenced, the board of health of the village directed him to prevent, so far as possible, its spread, and to take care of those infected. For these services he was to be paid the sum of $10 per day, over and above the amount of his salary. This expense was rendered necessary by reason of the epidemic, and, we think, is a charge which the county became liable to pay, under the provisions of sections 1647, 1648. While the boards of health of townships, cities, and villages are required to fix and pay for the ordinary services of the health officer, yet it is apparent that it was the intent of the legislature, by the various provisions of the statute, to cast the

burden upon the county for extraordinary services rendered to prevent the spread of contagious diseases, and for the care of indigent persons afflicted with such disease. *City of Clinton* v. *County of Clinton*, 61 Iowa, 205.

We think the court below was not in error in directing payment of this bill by the board of supervisors. The order so made will be affirmed.

The other Justices concurred.