|121    99|
|135   ²129|

BOARD OF AUDITORS OF WAYNE CO. *v.* REYNOLDS.[1]

1. COUNTY CLERK—SALARY—FEES—MARRIAGE LICENSES.

Act No. 425, Local Acts 1895, fixing a salary, in lieu of all other compensation, for the clerk of Wayne county, and providing that all fees received by him shall go to the county, entitles the county to fees paid the clerk under Act No. 243, Pub. Acts 1895, for issuing licenses to marry, although the public act was approved after the local act went into effect; the provision of the later act respecting license fees being a re-enactment merely of a like provision in effect when the local act was passed.

2. SAME—CONSTITUTIONAL LIMITATIONS.

The exclusive power conferred upon the board of auditors of Wayne county by article 10, § 10, of the Constitution, providing that such board shall have the "exclusive power" to fix the compensation for all services rendered the county, relates to services rendered for the county exclusively, and does not preclude the legislature from prescribing the salary of a county officer,—as the clerk,—in the proper performance of whose duties the people of the entire State are interested.

3. SAME—NOTARIAL FEES.

A county clerk, who is allowed by the marriage-license law to charge, as clerk, for his services in issuing marriage licenses, only 50 cents in each case, is obliged to pay over to the county no more, under a special statute fixing his salary, and providing that all fees collectible by him shall belong to the county, though further amounts collected as fees for a notary public, who was a clerk in the office, and before whom applications for the licenses were made, were turned over to him.

*Certiorari* to Wayne; Hosmer, J.    Submitted March 28, 1899.    Decided September 12, 1899.

*Mandamus* by the board of auditors of Wayne county to compel Henry M. Reynolds, county clerk, to turn over

---

[1] Rehearing denied October 7, 1899.

to the county certain fees.  From an order granting the writ, respondent brings *certiorari*.  Modified.

*Allan H. Frazer*, Prosecuting Attorney, and *Ormond F. Hunt*, Assistant Prosecuting Attorney, for relator.

*Jasper C. Gates*, for respondent.

MOORE, J.  The relator petitioned the circuit court for the county of Wayne for a writ of *mandamus* to compel the respondent to pay over to the county certain fees he had received upon the issuing of marriage licenses.  The court below directed the writ to issue as prayed.  The case is brought here by writ of *certiorari* to review the action of the circuit judge.

It is claimed respondent is not, as county clerk, entitled to any fees, but is entitled only to his salary.  This contention is based on the provisions of Act No. 425, Local Acts 1895, which, so far as they are applicable here, are as follows:

"SECTION 1.  *The People of the State of Michigan enact*, That the county clerk * * * of the county of Wayne shall receive a salary of three thousand five hundred dollars per annum; and that the said salary of said county clerk shall be full payment for services performed by said officer for said county, or for the patrons of (his) respective office, and shall be in lieu of all fees, commissions, or perquisites payable to said officer under the laws of this State for the performance and discharge of any duties required by (his) respective office, or any office the duties of which (he) exercises by virtue thereof, and in lieu of all fees or commissions collectible by said officer for the performance of the respective duties of (his) said office where the said fees are not fixed by law; and that said officer shall receive no other or further compensation for the duties imposed upon (him), but all fees or commissions made payable to or that may be charged by (him) by virtue of said office shall be received by and on account of said county."

"SEC. 3.  The said county clerk * * * of Wayne county shall receive or collect no other compensation, except the salary above provided, for the performance or discharge of any of the duties of (his) respective office, but (he) shall

pay the fees, commissions, or charges provided by law to be paid, or that (he) may fix or charge, for the performance or discharge of such duties, or any duties, in (his) said office, to the county treasurer, on the last Saturday of every month, and the same shall be for the use of said county, and placed to the credit of the general fund."

Act No. 243, Pub. Acts 1895, was approved 11 days later than the act fixing the salary of the county clerk. It is claimed the later act imposed additional duties upon the county clerks in relation to issuing licenses, and provided that for his services the clerk should be entitled to 50 cents for each license issued, and that the local act would not limit the public act, so as to prevent its taking effect in Wayne county as well as in all the other counties of the State; citing *Roulo* v. *Board of Auditors of Wayne Co.,* 74 Mich. 129. The provisions of the marriage-license law in relation to the fees to be paid the clerk were not changed by Act No. 243. In that respect the law remained as it was when Local Act No. 425 was passed, and the case of *Roulo* v. *Board of Auditors of Wayne Co., supra,* does not apply.

It is claimed the legislature could not fix the salary of the county clerk, and that this act is unconstitutional, so far as it attempts to fix the salaries of the county officers of Wayne county. Section 10 of article 10 of our Constitution is as follows:

"The board of supervisors, or in the county of Wayne the board of county auditors, shall have the exclusive power to prescribe and fix the compensation for all services rendered for, and to adjust all claims against, their respective counties; and the sum so fixed or defined shall be subject to no appeal."

It is said that to sustain the validity of this act would be to imperil that system of local self-government which is one of the most important features of our Constitution. It is asserted that the board of auditors, and they alone, can fix the salary and fees of the county clerk in Wayne county. Does section 10, art. 10, of the Consti-

tution, give them the right to the exclusion of any legislation upon that subject? If it does, the legislature is powerless to legislate upon the subject. The legislature has evidently not so understood it. Section 577, 1 How. Stat., provides where the county clerks shall keep their offices, and that the clerk—

"Shall receive for all services rendered the county in criminal cases, and as clerk of the circuit court, and for his services as clerk of the board of supervisors and as clerk of the board of county and district canvassers, such salary as the board of supervisors may fix; for his services in civil cases and other matters, such fees and compensation as shall be provided by law."

Section 9006, 2 How. Stat., provides what his fees shall be in the circuit court.

I do not think it has before been asserted that the legislature might not provide how the clerk should be compensated, but must depend upon the board of auditors for the amount and manner of his compensation. For nearly a quarter of a century the county officials of Wayne county have been paid salaries, as provided by various acts of the legislature. The fact that the fees in dispute in this cause are in the hands of the respondent is due to the further fact that the legislature, and not the board of auditors, authorized him to collect them. The contention of the respondent proves too much. If he is entitled to only such compensation as the board of auditors may allow, then he is not entitled to these fees, because they came to his hands only by virtue of an act of the legislature. The "exclusive power" conferred upon the board of supervisors and the board of county auditors by section 10, art. 10, of the Constitution, relates to services rendered for the county exclusively, except when the fees for the services rendered are, as in criminal cases, provided by a statute. The services rendered by the county clerk do not relate exclusively to matters in which the county only is interested. The great bulk of his services relate to the administration of the law, criminal as well as civil, through

the medium of the courts.   The marriage-license law was called into being in the belief that society generally would be benefited by its enactment and observance.   By the terms of the act the county clerk is required at stated intervals to report to the secretary of state all licenses and certificates issued and received by him.   The people of the State as well as Wayne county have an interest in much of the service performed by the county clerk of Wayne county.   *People* v. *Board of Auditors of Wayne Co.*, 13 Mich. 233; *Attorney General, ex rel. Moreland,* v. *Common Council of Detroit,* 112 Mich. 145 (37 L. R. A. 211).   In such cases it is entirely competent for the legislature to provide how compensation shall be made for the service.   In such cases, when it is made to appear to the board of supervisors or the board of county auditors that the services have actually been rendered, and that the fees charged are in accordance with the fees established by law for such services, they cannot reject the claim, but must allow it.   *People* v. *Supervisors of Macomb Co.*, 3 Mich. 475; *People* v. *Board of Auditors of Wayne Co., supra; People* v. *Gies,* 25 Mich. 83.   The legislature, then, having the power to fix the amount and manner of the compensation of county clerks, we think it was entirely competent by a local act to prescribe the compensation of the clerk, and that he should be compensated by a fixed salary, which should be in lieu of all other compensation.   *People* v. *Supervisors of Calhoun Co.*, 36 Mich. 10.

It appears by the record that 304 marriage licenses were issued by the respondent, for which he received $152. In 300 of the licenses, applications for the license were made before a clerk in the office, who was a notary public. He was paid $150, which came to the hands of the respondent, in addition to the $152 which was paid him for license fees.   In the court below, the respondent was required to pay over the $150 as well as the $152.   The county clerk is allowed by the marriage-license law to charge, as clerk, for his services in issuing the marriage

licenses, but 50 cents in each case.   It is the fees or commissions collectible by him in the discharge of the duties of his office that he is required by the local act which fixes his salary to pay over, and upon which the county has a claim.   We do not think the county is entitled to the fees collected by the notary public, and paid to the respondent.   The order made in the court below must be modified in that respect, and affirmed in all other respects.

The other Justices concurred.