BROWNE *v.* BOARD OF SUPERVISORS OF LIVINGSTON COUNTY.

O'NEIL *v.* SAME.

COUNTIES — PHYSICIAN'S SERVICES — ALLOWANCE OF CLAIM — ESTOPPEL—HEALTH OFFICER—COMPENSATION.

\* 1. When a physician has presented a bill to a county for services rendered to indigent persons, his bill has been audited, and he has received, without protest, the amount allowed thereon, he is estopped to claim the balance as services

---

\* Head-notes by GRANT, J.

rendered under section 4424, 2 Comp. Laws 1897, relative to contagious diseases.

2. Where a health officer has been called in consultation by another physician to determine whether the patient is affected with a disease dangerous to the public health, he renders his services as health officer under section 4460, and not section 4424, 2 Comp. Laws 1897. He is therefore entitled to compensation under section 4462, and not under section 4424.

*Mandamus* by James E. Browne and Alexander O'Neil to compel the board of supervisors of Livingston county to allow certain claims for medical services rendered in cases of contagious diseases. Submitted January 29, 1901. Writs denied April 16, 1901.

The relators are physicians residing in the village of Howell. In 1900 typhoid fever was somewhat prevalent in the village. Relator Browne rendered services to several indigent persons afflicted with the fever. At the October meeting of the respondent he presented two itemized bills, one for $55, for medical services to one Camp, and the other for $39, for like services to one Ismay. The bills were made out to the individuals treated, and were presented to the respondent as bills for services rendered to indigent persons, as appears by the respondent's return, which must be taken as true. No claim was made that they were for contagious diseases, or that they had been allowed by the village council. The first above-mentioned bill was allowed at $30, and the second at $20. Orders were drawn, were received by Dr. Browne, and presented and paid without protest. These bills had not then been presented to, or approved by, the common council of the village, which is the board of health. They were subsequently presented, not itemized, but in a lump sum, for services rendered, giving credit for the amounts received, and the village council then audited them as services rendered in caring for contagious diseases in the village. Included in the same bill was one for three consultations with Dr. O'Neil, who was the health officer of

the village, amounting to $15. Relator O'Neil also presented a claim for eight consultations in typhoid cases, at $5 per visit, which was also allowed by the village council as services rendered in contagious diseases. A copy of one of these items will illustrate them all. The first one is as follows: "October 4, 1900. To consultation in case of typhoid fever in Wolcott family, $5.00." O'Neil, as health officer, certified the foregoing bill to be correct. Dr. Browne also attached his certificate that the foregoing services were performed by Dr. O'Neil, and that the bill was correct. The respondent refused to allow them, and the relators now seek the writ of *mandamus* to compel allowance and payment.

*Louis E. Howlett*, for relators.

*Edmund C. Shields*, for respondent.

GRANT, J. (*after stating the facts*). We think the relator Browne, having presented his bill as services rendered to indigent persons, having received an order and money thereon without protest, is now estopped to claim for such services under the statute (section 4424, 2 Comp. Laws 1897).

The bill of Dr. O'Neil presents a new question. The statute reads as follows:

"When any person coming from abroad, or residing in any township within this State, shall be infected, or shall lately before have been infected, with the smallpox, or other sickness dangerous to the public health, the board of health of the township where such person may be shall make effectual provision in the manner in which they shall judge best for the safety of the inhabitants by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries, which shall be at the charge of the person himself, his parents, or other persons who may be liable for his support, if able; otherwise, as a charge of the county to which he belongs: *Provided*, that the health board shall keep and render an itemized and separate statement of expenses incurred in so

caring for each person." Section 4424, 2 Comp. Laws 1897.

There is nothing upon the face of the bill presented by Dr. O'Neil, nor in the certificate of himself or of Dr. Browne attached thereto, to indicate that they were services rendered in contagious diseases or diseases dangerous to public health. A fair inference is that Dr. O'Neil was called by Dr. Browne to consult over these cases as they arose. Let it be granted that he was called upon to determine whether the patients were affected with a disease dangerous to the public health, and he has performed services, not under section 4424, but under section 4460. The latter section makes it the duty of such health officer to examine the case, and to take such steps as are essential to protect the public health, to procure nurses and other necessaries, etc. For such services he must be compensated under section 4462, which provides for a compensation of not less than two dollars per day, to be paid by the township, city, or village of which he is health officer. Section 4424 does not provide that the cost of these services may be recovered from the supervisors. That section covers expenses that are incurred after such determination. This is made more apparent by the proviso limiting the liability of the county to "expenses incurred in so caring for each person." The duty of examining into each case to which the health officer is called is imposed upon him by section 4460 as one of the general duties of his office. It is not an expense incurred in taking care of the diseased person. The question of whether the patient is afflicted with a disease dangerous to the public health must be first determined. If it is . determined that .the disease is dangerous, then the provisions of section 4424 apply to the case. For the former services the township, city, or village must pay; for the latter, the county must pay. The relator has made a case showing his service to be within section 4460, and not within section 4424. This distinction is clearly recognized in *Village of St. Johns* v. *Board of Sup'rs of Clinton*

*Co.*, 111 Mich. 609 (70 N. W. 131), where it appeared that the extra pay demanded was for compensation conceded to be reasonable for taking care of patients during an epidemic of smallpox.

The writs will be denied.

The other Justices concurred.