VILLAGE OF DURAND *v.* BOARD OF SUPERVISORS OF SHIAWASSEE COUNTY.

1. HEALTH OFFICERS — COMPENSATION — CONTAGIOUS DISEASES — LIABILITY OF COUNTY.

Under the statute (2 Comp. Laws, § 4424) providing that, in certain cases, the expense of a village board of health, in caring for persons sick with diseases dangerous to the public health, shall be a charge against the county, provided the board shall render an itemized statement of its expenses, a village cannot bind the county by voluntary donations to its health officer, over and above the charges preferred by him for specific services.

2. SAME—CONSTRUCTION OF STATUTE.

The proviso to section 4424, 2 Comp. Laws, "that the health board shall keep and render an itemized and separate statement of expenses incurred in so caring for each person," is mandatory.

*Certiorari* to Shiawassee; Smith, J. Submitted October 17, 1902. (Docket No. 82.) Decided March 23, 1903.

*Mandamus* by the village of Durand to compel the board of supervisors of Shiawassee county to allow certain claims. From an order granting the writ, respondent brings *certiorari*. Modified.

*Byron P. Hicks*, for relator.

*Austin E. Richards*, Prosecuting Attorney, and *John T. McCurdy*, for respondent.

MONTGOMERY, J.    This is *certiorari* to review the action of the circuit judge in directing that a peremptory *mandamus* issue requiring the respondent to audit and allow two several claims in favor of the village, which claims consist, first, of an item of $520, allowed and paid by the village to Dr. A. G. Cowles, under a charge for "extra services as health officer during an epidemic of smallpox, from May 24 to July 14, 1900, 52 days, at $10 per day, $520." The other item directed to be audited is the sum of $157.75, for an allowance to Dr. Cowles for services during another outbreak of smallpox, consisting of various items. Of these items one is for $96 for "extra services as health officer from February 27 to March 14, inclusive, 16 days, at $6 per day." The remainder of this amount of $157.75 consists of an itemized account for services rendered to one William Lampman during the outbreak of smallpox.

Numerous questions are discussed in the briefs, but the case may be disposed of without discussing these questions in detail. The two different items for services as health officer stand upon the same footing, and at the threshold of the case we are met with the question as to whether these items should be allowed. The relator's counsel relies upon the case of *Village of St. Johns* v. *Board of Sup'rs of Clinton Co.*, 111 Mich. 609 (70 N. W. 131). In that case a similar allowance was made, and the action of the circuit court directing a *mandamus* was affirmed by this court. But, in construing this decision, dates are important. The epidemic of smallpox in that case occurred in 1894. At that time section 1647, 1 How. Stat., corresponding to section 4424 of the Compiled Laws of 1897, read as follows:

"When any person coming from abroad, or residing in any township within this State, shall be infected, or shall

lately before have been infected, with the smallpox or other sickness dangerous to the public health, the board of health of the township where such person may be shall make effectual provision, in the manner in which they shall judge best for the safety of the inhabitants, by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries, which shall be at the charge of the person himself, his parents, or other persons who may be liable for his support, if able; otherwise, at the charge of the county to which he belongs."

But in 1895 there was added to the section the following clause:

"*Provided*, that the health board shall keep and render an itemized and separate statement of expenses incurred in so caring for each person." Pub. Acts 1895, Act No. 97.

It is very clear that the account does not conform to this requirement. It is suggested by the relator's counsel that this provision is directory to the board of health simply. We do not so regard it. The language of the clause is that of a proviso, and a proviso which affects the entire of the preceding section. The wisdom of the provision is well illustrated in this case. Dr. Cowles was a witness in the case, and testified that, as to the bill of $520, he had previously rendered a bill for specific services rendered in connection with this same outbreak of smallpox, and had received his pay therefor, and testified that the manner in which he came to present this $520 bill was that one of the councilmen, in open council, thought that he ought to have extra pay for services as health officer, and that this allowance was in the nature of a present to him for extra services in the matter; that he had not made any such claim against the village, but that the claim was presented at the suggestion of the members of the council, and by them allowed; that, if he had not been told to present the bill, he would not have presented it. However equitable the claim may have been as against the village, this statute certainly never contemplated that boards of

health could bind the county by voluntary donations over and above the charges preferred by those having charge of these cases.   The village has met the payment of this bill, and we see no reason why it should not bear the expense which was voluntarily incurred.

As to the remaining items of the bill of $157.75, they are the proper subject of allowance by the board of supervisors, and the order will be modified to the extent of directing the allowance of these items only.

We think the costs of this proceeding in this court should be borne by the relator.   The proceedings in the circuit will be without costs to either party.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.