TOWNSHIP OF CEDAR CREEK *v.* BOARD OF SUPERVISORS
OF WEXFORD CO.

1. BOARDS OF HEALTH—CONTAGIOUS DISEASES—CLAIMS—LIABILITY
OF COUNTY.

The allowance of claims by a township board of health under
the provisions of 2 Comp. Laws, § 4424, relating to the care
of persons sick with contagious diseases, is final and binding
on the county as to the character of the disease, the necessity
and fitness of the articles and services furnished, the fact
that they were furnished, and the inability of the patient to
pay.

2. SAME—ITEMIZED ACCOUNT OF EXPENSES.

A board of health is not required to keep, in a book of its own,
an account of the items furnished each person sick with a
contagious disease, if it has such an account before it, and is
able to render the itemized and separate statement required
by the statute.

3. HEALTH OFFICERS — COMPENSATION — CONTAGIOUS DISEASES —
LIABILITY OF COUNTY.

It is not necessary that a health officer should have a previous
express arrangement with the board of health for his services
in treating persons sick with contagious diseases, if the board
knew that they were being rendered, and afterwards allowed
his bill.

*Certiorari* to Wexford; Chittenden, J.   Submitted
October 20, 1903.   (Calendar No. 19,456.)   Decided
December 1, 1903.

*Mandamus* by the township of Cedar Creek to compel
the board of supervisors of Wexford county to allow cer-
tain claims for expenses incurred in the treatment of con-
tagious diseases.   From an order denying the writ, relator
brings *certiorari.*   Reversed.

*O. C. Wheeler* (*Pratt & Davis* and *Russell C. Ostran-
der*, of counsel), for relator.

*Fred C. Wetmore* (*D. E. McIntyre*, of counsel), for
respondent.

HOOKER, C. J.   In the year 1900 sundry expenses were incurred by the health officer of the township of Cedar Creek, Wexford county. It does not appear that this was expressly authorized by the board of health, but the items were allowed by the said board of the township, and were then presented to the board of supervisors, and they were rejected and disallowed.   The claimants—*i. e.*, the persons who furnished the services and other items — then presented them a second time to the board of health of the township for allowance and payment, and they were allowed and paid by the township.   Thereafter the township presented an itemized statement of the claims to the board of supervisors for payment, and they were again disallowed.

Relator filed the petition in this proceeding, alleging the foregoing facts, and that the distinction between the township and county poor had been abolished in Wexford county, and that Cedar Creek township had no poor fund; also alleging that the State board of health classes typhoid fever as a communicable disease, dangerous to the public health.   The items presented were for expenses alleged to have been incurred in the care and treatment of typhoid fever cases within the township.   An answer was filed, denying that the State board of health had authority to determine what diseases were communicable and dangerous to the public health, under the statute applicable to the case, and, upon the hearing which followed, the respondent offered no evidence except medical testimony as to the character of typhoid fever.

The learned circuit judge who heard the cause dismissed the petition for the following reasons:

1. Typhoid fever is not a communicable disease dangerous to the public health, within the meaning of the health law.

2. That one Cochrane, to whom some of the items were furnished, was of sufficient ability to pay for them.

3. That the health officer was careless and negligent in the discharge of his duties, and so far exceeded his author-

ity that the county should not be held liable for the charges, which were unreasonable.

4. That, regarding the bills for merchandise and drugs, there was not sufficient proof that those supplies were necessary for the comfort and well-being of the patients; that the evidence shows a reckless and profligate expenditure of the public funds; and that there is not only no proof that the goods were procured for the sole benefit of the sick, but that the proof and bills show that a large portion of the items were food and clothing procured for other persons. These items were excluded by the circuit judge.

5. A charge in favor of Dr. Corlett was disallowed upon the ground that he had "hired himself, fixed his own compensation, and audited his own account." These bills were rejected.

6. The board of health kept no itemized account of all expenditures as required by law, and therefore the accounts were never properly presented to the board of supervisors.

7. The items for physicians' and nurses' services were disallowed upon the ground that they were rendered in typhoid fever cases, and were not within the provisions of the law.

The questions in the case are:

1. Were the items properly disallowed upon the ground that they were rendered in typhoid cases?

2. Was the judge in error in holding that the ability of Cochrane to pay authorized the disallowance of items furnished to himself and family?

3. Is the alleged negligence of the health officer a sufficient ground of disallowance?

4. Was it proper to inquire into the uses to which articles purchased were put?

5. Was the disallowance of Dr. Corlett's claim proper?

6. Was the failure of the health board to keep an account of items a sufficient ground for dismissing the petition?

7. Should an item of $7 in Dr. Morgan's bill be deducted and disallowed?

The statute under which these proceedings were taken is chapter 108 of the Compiled Laws, and especially section 4424, which was as follows at the time of the transactions in controversy, viz.:

"(4424) SEC. 15. When any person coming from abroad or residing in any township within this State shall be infected, or shall lately before have been infected, with the smallpox, or other sickness dangerous to the public health, the board of health of the township where such person may be shall make effectual provision, in the manner in which they shall judge best, for the safety of the inhabitants, by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries, which shall be at the charge of the person himself, his parents or other persons who may be liable for his support, if able; otherwise as a charge of the county to which he belongs: *Provided,* that the health board shall keep and render an itemized and separate statement of expenses incurred in so caring for each person."

The health board has large discretionary powers, made necessary by the fact that it is an emergency board. When it has reason to fear danger from diseases which are generally recognized as communicable and dangerous to the public health, a court may be justified in taking judicial notice that the disease is within the statute, which in plain terms includes *all* diseases where there is danger to the public health from a threatened spread of the disease. There may be other diseases which the courts can judicially know not to be within the statute; but there are still others where it cannot be a matter of judicial notice. In the case of *People* v. *Shurly,* 131 Mich. 177 (91 N. W. 139), which was a review of a conviction of a physician for failing to report a case of consumption,— section 4453 making it his duty to report all patients infected with "smallpox, cholera, diphtheria, scarlet fever, or *any other disease dangerous to the public health,*"— it was held that the question whether or not consumption was a disease dangerous to the public health was for the jury; and it is contended that this case is within the rule there stated. We think not. Within reasonable bounds, at least, the health officer's conclusion that a disease is communicable, and is a menace to public health, must be conclusive; otherwise the efficiency of health officers and

boards would be seriously lessened, for persons would be likely to hesitate about furnishing necessary medicines and other commodities, and rendering services, if it involved the danger of review by another board, with power to disallow claims upon the ground that the disease was not within the statute, or the goods furnished were not necessary. We are of the opinion that the allowance by the township board of health, which is identical with the township board in townships, was designed to be final, and, where the law imposes the liability upon counties, it was intended that the allowance by the township board should bind the board of supervisors as to the character of the disease, the necessity and the fitness of the articles and services furnished and rendered, as well as the fact that they were furnished. What, if any, remedy there may be in case of fraud or bad faith on the part of the local board, we need not consider here. See *Browne* v. *Board of Sup'rs of Livingston Co.*, 126 Mich. 276 (85 N. W. 745); *Zimmerman* v. *Board of Sup'rs of Cheboygan Co.*, 133 Mich. 494 (95 N. W. 535); *Pease* v. *Common Council of Saginaw*, 126 Mich. 436 (85 N. W. 1082); *Rae* v. *Mayor, etc., of Flint*, 51 Mich. 526 (16 N. W. 887); *Wilkinson* v. *Township of Long Rapids*, 74 Mich. 63 (41 N. W. 861); *Safford* v. *Detroit Board of Health*, 110 Mich. 85 (67 N. W. 1094, 33 L. R. A. 300, 64 Am. St. Rep. 332); *Village of St. Johns* v. *Board of Sup'rs of Clinton Co.*, 111 Mich. 609 (70 N. W. 131); *Alvord* v. *Board of Sup'rs of Calhoun Co.* and *Fuller* v. *Board of Sup'rs of Barry Co.* (unreported).

It may be said that the Constitution gives to the board of supervisors the power to adjust all claims against counties, and that it cannot be taken away by statute; but a limitation on this broad proposition is found in the following cases, and this rule applies where the law has pointed out another mode of adjustment: *People* v. *Board of Auditors of Wayne Co.*, 13 Mich. 233; *Kennedy* v. *Gies*, 25 Mich. 91; *Mixer* v. *Board of Sup'rs of Manistee Co.*, 26 Mich. 425; *McMahon* v. *Board of Auditors*

*of Wayne Co.*, 41 Mich. 223 (49 N. W. 921); *Endriss v. County of Chippewa*, 43 Mich. 317 (5 N. W. 632); *Van Wert* v. *School Dist.*, 100 Mich. 334 (58 N. W. 1119); *Withey* v. *Osceola Circuit Judge*, 108 Mich. 168 (65 N. W. 668); *Board of Auditors of Wayne Co*. v. *Reynolds*, 121 Mich. 103 (79 N. W. 1121). The cases cited appear to us conclusive of most questions in this case.

The question of the ability of the patient to pay is also foreclosed by the allowance by the township board. See *Elliott* v. *Board of Sup'rs of Kalkaska Co.* and companion cases, 58 Mich. 452 (25 N. W. 461, 55 Am. Rep. 706); *McKillop* v. *Board of Sup'rs of Cheboygan Co.*, 116 Mich. 614 (74 N. W. 1050).

It is urged that the health board did not comply with the proviso requiring that boards keep and present an itemized statement of articles and services furnished to each person. While the board did not keep, in a book of its own, an account of items furnished each person, they had before them and allowed such itemized accounts, and rendered such an account in this case. This was a sufficient compliance with the statute. The requirement to keep and render an account is met when the board is able to render the itemized and separate statement required by statute. In the case of *Village of Durand* v. *Board of Sup'rs of Shiawassee Co.*, 132 Mich. 448 (93 N. W. 1074), the board was unable to do this, and the conclusion there reached is not in conflict with the present holding.

There was a bill for $149.50 for attendance upon patients and consultation with other physicians allowed to Dr. Corlett, the health officer of the township. While no direction to perform these services was given by the board, they knew that they were being rendered, and appear to have acquiesced, and they afterwards allowed the bill. It may be said that the decision of the circuit judge intimates that it is his conclusion that the "health officer hired himself, fixed his own compensation, and audited his own account;" but we are of the opinion that his

language means no more than that Dr. Corlett had no previous express arrangement with the board as to performing the services, that he fixed a price upon his services by rendering a bill, and that he was a member or appointee of the board, and may have been present at its allowance. There is no dispute that his bill was allowed by the board, and nothing to show that it did not receive the support and vote of the other members. Although some cases have expressed disapproval and doubt of the validity of an allowance in which the claimant participated, no instance is cited where an item has been rejected for that reason, and we think it should not be in this.

The item of $7 in the bill of Dr. Morgan seems to come within the rule in the case of *Browne* v. *Board of Sup'rs of Livingston. Co.*, 126 Mich. 276 (85 N. W. 745), and should be disallowed.

The frequency of these cases indicates a restiveness under the application of this law, due perhaps, in part at least, to unwillingness on the part of county boards to be concluded by allowances made by local boards. While local boards might perhaps safely be permitted to bind their townships, it may be doubtful if there is not a premium on undue liberality where the allowance is to be paid by the county. The legislature seems to have been of that opinion, and one of the first acts of the last session has made radical changes in the law applicable to this case.[1]

The order of the circuit court is reversed, with costs, and the case is remanded, with direction that the writ issue as to all but the $7 item mentioned.

MOORE, CARPENTER, and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.

---

[1] See Act No. 7, Pub. Acts 1903.