BAAR *v.* BOARD OF SUPERVISORS OF OTTAWA COUNTY.

1. HEALTH—CONTAGIOUS DISEASES—PERSONS INFECTED—CARE— LIABILITY OF COUNTY.

   Under section 4424, 2 Comp. Laws, as amended by Act No. 7, Pub. Acts 1903, a county is not liable for articles of furniture supplied by a dealer at the request of the city board of health to take the place of similar articles belonging to an indigent person destroyed by said board to prevent the spread of smallpox; the claim, if any, should be made by the owner of the articles destroyed.

2. SAME.

   The county is liable for formaldehyde furnished upon the order of the city board of health to disinfect premises occupied by an indigent person afflicted with smallpox.

Certiorari to Ottawa; Padgham, J. Submitted January 7, 1908. (Calendar No. 22,497.) Decided March 17, 1908.

Mandamus by Henry Baar to compel the board of supervisors of Ottawa county to allow certain claims for articles furnished in cases of contagious diseases. There was an order denying the writ, and relator brings certiorari. Reversed, and writ granted.

*George A. Farr,* for relator.

*Corie C. Coburn,* for respondent.

In 1903 an epidemic of smallpox prevailed in the city of Grand Haven, Ottawa county. The board of health of that city provided for the care of some indigent persons. Relator was a druggist. He furnished to said board of health formaldehyde for fumigating and disinfecting the residences where these indigent persons had lived. One Boer, a furniture dealer, furnished two of these indigent persons certain articles of furniture to take

the place of those which had been destroyed by order of the city board of health. To avoid a multiplicity of suits, this claim was duly assigned to the relator.

In 1906, relator obtained certificates of the board of health of the city and presented the claims to the respondent claiming that it was the duty of the county to pay them under 2 Comp. Laws, § 4424, as amended by Act No. 7, Pub. Acts 1903. The act of 1903 amends the section only in clothing the board of supervisors with power to investigate and audit the claim at such amount as they shall deem reasonable. Section 4424 reads as follows:

"When any person coming from abroad or residing in any township within this State shall be infected, or shall lately before have been infected with the smallpox, or other sickness dangerous to the public health, the board of health of the township where such person may be, shall make effectual provision in the manner in which they shall judge best for the safety of the inhabitants by removing such sick or infected person to a separate house, if it can be done without danger to his health, and by providing nurses and other assistance and necessaries, which shall be at the charge of the person himself, his parents or other persons who may be liable for his support, if able; otherwise, as a charge of the county to which he belongs: *Provided*, That the health board shall keep and render an itemized and separate statement of expenses incurred in so caring for each person."

The respondent refused to allow the bill, claiming that the county was not liable under the above section, and that the relator's remedy was against the city under section 4460.

Grant, C. J. (*after stating the facts*). The claim of Mr. Boer, the furniture dealer, clearly is not within the statute. If there is any liability at all under the statute after the recovery of the patient it is for property destroyed to prevent the spread of the disease. It creates no liability on the part of the county to a merchant who furnishes new goods to take the place of the old ones destroyed. Mr. Boer, therefore, has no claim. The claim

of Mr. Baar is different.   The protection to the public in fumigating with formaldehyde was necessary in order to prevent the spread of disease by destroying its germs. Without such precaution people visiting the occupants of the house afterwards would be exposed to danger.   So would the occupants, and the occupants in going among the public would be in danger of spreading the disease.

An examination of the record in *Elliott* v. *Board of Sup'rs of Kalkaska Co.*, 58 Mich. 452, discloses the fact that the articles there destroyed, for which the respondents were held liable, were the nurse's wearing apparel used by him while nursing in the pesthouse.   This was for the protection of the public.   The fumigation in this case was as essential for the protection of the public as was the destruction of the clothing in that.   We therefore think this case is ruled by that, and that the claim of Mr. Baar should have been allowed at such sum as the board should deem reasonable.

The writ will issue.

BLAIR, MONTGOMERY, OSTRANDER, and HOOKER, JJ., concurred.