KEHO *v.* BOARD OF AUDITORS OF BAY COUNTY.

1. HEALTH—COUNTIES—POWER OF BOARD OF AUDITORS TO CONTRACT FOR SERVICES.

   Although, under Act No. 22, Pub. Acts 1919, relating to the preservation of the public health, the board of auditors of a county may contract for services, it is only for such services as are chargeable against the county.[1]

2. SAME—LIABILITY FOR VACCINATION FURNISHED WITHOUT COST TO INDIVIDUALS—GENERAL STATUTE.

   Since 1 Comp. Laws 1915, § 5096, expressly provides for the vaccination of persons without cost to themselves whenever the board of health so directs, at the expense of the city, village, or township, as the case may be, liability for vaccinating school children, teachers, and

[1]Counties, 15 C. J. § 238.

janitors of a city, authorized by the city board of health, may not be fixed upon the county under the provisions of a general statute (1 Comp. Laws 1915, § 5055, as amended by Act No. 22, Pub. Acts 1919) dealing with communicable diseases.[2]

**3. SAME—SPECIAL STATUTE DEVIATING FROM GENERAL POLICY MAY NOT BE OVERLOOKED.**

While the general legislative policy of the State has been to place the burden of epidemics of communicable diseases on counties, it is within the power of the legislature to deviate therefrom and place the burden of vaccination on cities, villages, and townships, and where it does so such legislation may not be overlooked by the courts.[3]

Error to Bay; Houghton (Samuel G.), J. Submitted April 6, 1926. (Docket No. 24.) Decided June 7, 1926.

John A. Keho and others presented claims against the board of auditors of Bay county for services rendered. The claim was disallowed by the board, and plaintiffs appealed to the circuit court. Judgment for defendant. Plaintiffs bring error. Affirmed.

*Black & Rice,* for appellants.

*Frank C. Patterson,* Prosecuting Attorney, for appellee.

FELLOWS, J. A smallpox epidemic threatened Bay City. School children in at least one of the schools had contracted the disease. Plaintiffs are physicians constituting the board of health of the city. In their judgment and by their official action it was determined that free vaccination of all school children, teachers and janitors was a proper step to prevent the spread of the disease. Approximately 10,000 school children, teachers and janitors were vaccinated by them. Their bills, properly audited, were presented to the board

[2]Health, 29 C. J. §§ 103, 108; [3]Id., 29 C. J. § 108.

of auditors of the county.    No question was raised as to the services, their value or the good faith of plaintiffs in the steps taken.    Their bills were disallowed because the auditors were of opinion that the county was not liable.    Upon appeal to the circuit court their action was affirmed.    There was testimony that the board of health and board of auditors came to an agreement about the services before they were performed.    But what the agreement was is in dispute and there is no finding on the subject and none was requested.    We need not, therefore, decide the question, but we may say that it is quite doubtful if the auditors could bind the county to pay for services which the county was under no legal obligation to pay. While under Act No. 22, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 5055), the board of auditors may contract for services, it is only for such services as are chargeable against the county.    We shall disregard questions of practice and dispose of the case on its merits.

It is insisted on behalf of plaintiffs that an emergency had arisen due to the prevalence of small-pox in the city; that the board of health in good faith determined the steps necessary to be taken to prevent its spread; that plaintiffs having performed the services and no question being raised as to their value or the performance of them, they are entitled to the allowance of their bills and the payment thereof under the provisions of section 5055, 1 Comp. Laws 1915, as amended by Act No. 22, Pub. Acts 1919.    If that statute was the only one dealing with the subject we might not have much difficulty in following plaintiffs' contention.    *Elliott* v. *Board of Sup'rs of Kalkaska Co.,* 58 Mich. 452 (55 Am. Rep. 706) ; *Sawyer* v. *Village of Manton,* 145 Mich. 272; *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.,* 135 Mich. 124; *Thomas* v. *Board of Sup'rs of Ingham Co.,* 142

Mich. 319; *McKillop* v. *Board of Sup'rs of Cheboygan Co.*, 116 Mich. 614; *Baar* v. *Board of Sup'rs of Ottawa Co.*, 151 Mich. 505; *Village of St. Johns* v. *Board of Sup'rs of Clinton Co.*, 111 Mich. 609; *Bishop* v. *Board of Sup'rs of Ottawa Co.*, 140 Mich. 177; *Chapman* v. *Board of Sup'rs of Muskegon Co.*, 169 Mich. 10. But since 1879 we have had a statute dealing with the subject of free vaccination (Act No. 146, Pub. Acts 1879). As amended it is section 5096, 1 Comp. Laws 1915, and reads as follows:

"That the board of health of each city, village and township, may at any time direct its health officer or health physician to offer vaccination or inoculation, with bovine vaccine virus, anti-toxine and anti-typhoid-vaccine to every child and to all other persons, without cost to the person vaccinated or inoculated, but at the expense of such city, village or township, as the case may be."

It will be noted that this statute expressly provides for vaccination of persons without cost to themselves whenever the board of health so directs but at the expense of the city, village or township, as the case may be. It not only provides for free vaccination to the individual but it also fixes the paymaster of the one performing the service. The services performed by plaintiffs, at least those involved in the present case, were the services provided for in this act which deals with this specific subject. Therefore, we may not look to general language found in a general statute dealing with communicable disease to fix a liability for services expressly provided for in this act. It may be true as a general proposition that the legislative policy of the State has been to place the burden of epidemics of communicable diseases on the county. But it was within the power of the legislature itself to deviate from that policy and we may not overlook legislation which it has enacted on a subject with which it had power to deal even though it does not

follow a general policy.     The case of *Browne* v. *Board of Sup'rs of Livingston Co.*, 126 Mich. 276, is by analogy applicable.     One of the relators, Dr. O'Neil, had been called in consultation to determine the charÂacter of the disease.     He sought to compel payment by the county.     It was held that the services were not those contemplated by section 4424, Comp. Laws 1897 (Comp. Laws Supp. 1922, § 5055), making the county liable, but that such services were those conÂtemplated by section 4462, Comp. Laws 1897 (1 Comp. Laws 1915, § 5093), making the village liable, and that he could not compel payment by the county.     It was pointed out that the expense incurred in determinÂing whether the disease was dangerous to the public health was an expense which the legislature had placed on the village and must be paid by the village, and that the county was only liable for the expenses inÂcurred after the character of the disease had been determined as that expense had by the legislature been expressly placed upon it.     So here the legislature has by section 5096 specifically placed the liability on the city and by so doing relieved the county.

The judgment will be affirmed.

BIRD, C. J., and SHARPE, SNOW, STEERE, WIEST, CLARK, and McDONALD, JJ., concurred.