## SAWYER v. VILLAGE OF MANTON.

1. HEALTH—CONTAGIOUS DISEASES—SERVICES—AUDIT OF CLAIMS.
   Since the passage of Acts Nos. 7 and 101, Pub. Acts 1903, no action lies against a village for services performed in caring for persons sick with a contagious disease at the request of its board of health, the claimant's remedy being to present his claims, properly itemized by the board of health, to the board of supervisors of the county for audit and allowance.

2. SAME—DUTY OF BOARD OF HEALTH—ITEMIZING CLAIM—MANDAMUS.
   Where a village council, acting as its board of health, refuses to furnish an itemized statement of services rendered at its request in caring for persons sick with a contagious disease, claimant's remedy is by a mandamus to compel action, and not by assumpsit against the village.

Error to Wexford; Chittenden, J. Submitted April 12, 1906. (Docket No. 58.) Decided July 23, 1906.

Assumpsit by Clara Sawyer against the village of Manton for services rendered in caring for persons sick with a contagious disease.    There was judgment for plaintiff, and defendant brings error.    Reversed.

*I. C. Wheeler,* for appellant.

*Fred S. Lamb,* for appellee.

BLAIR, J.    This is an action of assumpsit, brought by the plaintiff to recover for services alleged to have been rendered by her at the instance of the health officer of defendant's board of health in nursing diphtheria cases quarantined by him.    The circuit judge held that the acts of the health officer created a contract which bound the village, citing *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.,* 135 Mich. 129, and that the only question for the jury was the value of plaintiff's services. To reverse the judgment rendered against it under this ruling, defendant prosecutes this writ of error.

Among other contentions, defendant's counsel insists that a verdict should have been directed in its favor for the reason that liability to pay for the services, if any such existed, rested upon the board of supervisors.    The defendant is organized under the general village incorporation act of 1895 (Act No. 3, Pub. Acts 1895), and has made no provision for a board of health.    In the absence of such provision, the act provides (§ 53):

"The council shall have and exercise all the powers and authority conferred upon boards of health by the general laws of the State, so far as the same are applicable."

The services sued for in the present case were rendered after the taking effect of Act No. 7, and Act No. 101, of the Public Acts of 1903, and, as said in *Township of Cedar Creek* v. *Board of Sup'rs of Wexford Co.,* supra, these amendatory acts have "made radical changes in the law."    By Act No. 101 the provision that "the

board of health shall establish his salary or other compensation, *and shall regulate and audit all fees and charges of persons employed by them in the execution of the health laws and of their own regulations,*" was amended by the addition of the words: "*except as hereinafter provided in section fifteen hereof with regard to dangerous communicable diseases.*" Section 15, as amended by Act No. 7, Pub. Acts 1903, provides for the presentation of an itemized statement, required to be kept, to the board of supervisors by filing the same with the county clerk:

"And the said board of supervisors shall as soon as may be proceed to audit the said bill, and if found that the expenses were necessarily incurred, the services actually and necessarily performed, and the amounts claimed for such expenses and services are severally just and reasonable under the circumstances, the said board of supervisors shall allow the same or such parts thereof as the majority of the members-elect of said board shall deem just and provide for their immediate payment by the said county, and in auditing such accounts, said several boards of supervisors shall have full power to examine into the merits of all claims presented to them in accordance with the provisions herein contained, and may subpoena witnesses and take any other measures necessary to arrive at the truth of the same; and the said board of supervisors is hereby empowered, if necessary, to issue orders or borrow money on the faith and credit of the county to pay all such necessary bills and expenses, and to include the same in the next appropriation of money to be raised by taxation in said county."

By these amendments, the power to audit and allow such claims for services was taken from the board of health and conferred upon the board of supervisors, with full powers for hearing, determining, and paying them. It follows that the plaintiff's remedy was to present her claim, properly itemized by the board of health, to the board of supervisors for allowance, as prescribed by the statute. If the board of health should refuse to furnish an itemized statement or to certify to a properly itemized

statement, as it is claimed they did in the present case, mandamus to compel such action would be the proper remedy, and not a suit against the municipality.

The judgment is reversed.

CARPENTER, C. J., and MCALVAY, GRANT, and MOORE, JJ., concurred.