DAWE v. BOARD OF HEALTH OF CITY OF MONROE.

HEALTH—CONTAGIOUS DISEASES— EPIDEMIC— BOARDS OF HEALTH
—EMPLOYMENT OF PHYSICIAN—LIABILITY OF COUNTY.

> Where the itemized account of a physician, for services rendered
> during an epidemic of contagious disease, is certified to the
> board of supervisors by the local board of health, it is before
> the supervisors for audit under Act No. 7, Pub. Acts 1903,
> and it is their duty to proceed to audit the same, notwith-
> standing the local board, on reference back to them of the
> account, has returned it to the supervisors with the statement
> that the services were not rendered pursuant to an order of the
> board of health.

Certiorari to Monroe; Lockwood, J. Submitted Octo-
ber 2, 1906. (Calendar No. 21,873.) Decided November
7, 1906.

Mandamus by Denias Dawe to compel the board of
health of the city of Monroe to audit, allow, and certify to
the board of supervisors a bill for services in the treatment
of contagious diseases. There was an order denying a re-
quest to frame issues of fact, and relator brings certiorari.
Affirmed.

In January, 1906, an epidemic of diphtheria and scarlet
fever broke out in St. Francis Home, a charitable institu-
tion for the care of boys in Monroe. The relator, a phy-
sician, claiming to have been employed by respondent,
presented his bill for services, amounting to $372.50. It
is admitted that said bill was ordered by the respondent
certified to the board of supervisors; that it was certified,
but the board of supervisors, refusing to accept the form
of the certificate, referred the bill back to the respondent.
The respondent subsequently, and on March 16, 1906, re-
scinded its resolution, and ordered the bill sent back to

the board of supervisors, with the statement that the services were not rendered in pursuance of an order of the board of health. A new board of health came into existence at the election in April of that year. May 10, 1906, relator applied to the circuit court for the county of Monroe for a mandamus to compel the respondent to audit, allow, and certify his bill for such sum as should be reasonable to the board of supervisors. The respondent answered, setting up the change in the personnel of the board since its former action above set forth, denied that the St. Francis Home was not the legal guardian of the children, or that the parents and guardians were irresponsible financially; denied that relator's services were rendered by order of the board of health. Replication was filed to this answer, and the relator asked for two issues to be framed, as follows:

1. Was the relator employed to render the services for which he charged?

2. If so, what is a reasonable compensation for such services?

The court refused to frame such issues, holding that they were not proper. This ruling of the circuit court is before us for review on the writ of certiorari.

*John J. Kiley* and *Willis Baldwin*, for relator.

*Jesse H. Root*, for respondent.

GRANT, J. (*after stating the facts*). Under Act No. 7, Pub. Acts 1903, the auditing of bills incurred by the public in case of infectious and dangerous communicable diseases is lodged in the board of supervisors of the county. The local board of health is required by said act to keep an itemized and separate statement of expenses and render the same to the board of supervisors by filing the same with the county clerk. The entire responsibility then rests upon the board of supervisors to pass upon the necessity of such expenses, the services performed, the justice and reasonableness thereof, and to allow such

parts thereof as the board shall deem just. It appears that the itemized bill of relator was presented to the respondent and by the respondent filed with the clerk of the circuit court as the law requires. The certificate to which the board of supervisors objected is not found in the record, and we cannot therefore determine its sufficiency. The statute does not in terms require any certificate.

The action of the board of health is not affected by the fact of a change in its members; and such change is no objection to this proceeding on the part of relator. If relator's itemized statement was rendered to the board of supervisors by the authority of the respondent, it was the duty of the board of supervisors to proceed to audit the account. If the employment of the relator by the respondent was denied, an issue of fact is presented for the determination of the board of supervisors, and it is the duty of the latter board to determine whether the board of health made a contract for the relator's services. Act No. 7 refers all such issues of fact to the board of supervisors. We have not before us a case where a board of health denies a contract, and for that reason refuses to make the statement to the board of supervisors. An itemized statement was rendered. Upon this record the relator's account is properly before the board of supervisors for action, and they should proceed to hear it. *Sawyer* v. *Village of Manton*, 145 Mich. 272.

The order of the circuit court is affirmed.

CARPENTER, C. J., and MCALVAY, BLAIR, and MOORE, JJ., concurred.