TABOR *v.* BOARD OF SUPERVISORS OF BERRIEN COUNTY.

HEALTH—STATUTES—COMPENSATION OF HEALTH OFFICERS.
The performance of, and compensation for, duties clearly specified in sections 4460, 4462, 2 Comp. Laws, preclude the right to a claim for such services under section 4424, 2 Comp. Laws.

Certiorari to Berrien; Coolidge, J. Submitted February 9, 1909. (Calendar No. 23,194.) Decided March 30, 1909. .

Mandamus by Roland B. Tabor to compel the board of supervisors of Berrien county to audit and allow a claim for medical services rendered in cases of contagious diseases. There was an order denying the writ and relator brings certiorari. Affirmed.

*George W. Bridgman,* for relator.

*William H. Andrews,* Prosecuting Attorney, for respondent.

BLAIR, C. J. Relator was the health officer of the city of Benton Harbor from December 1, 1903, to April 30, 1906. During that period of time relator from time to time disinfected and fumigated houses in which were or had been contagious and dangerous communicable diseases, for which he presented this claim to respondent. The first item charged is under date of December 14, 1903, and the last item, March 12, 1906. The cases necessitating the services charged for were smallpox, 2; typhoid fever, 2; scarlet fever, 9; consumption, 12; diphtheria, 28; measles, 17; pneumonia, 7. The board of supervisors refused to allow relator's claim, and their action was sustained by the circuit court. The proceedings are before this court on certiorari to review the action of the

circuit court in refusing relator's application for the writ of mandamus.

It is the contention of relator that he is entitled to compensation from the county under the provisions of section 4424, 2 Comp. Laws. Respondent contends that the services rendered were the ordinary services required of a health officer by section 4460, 2 Comp. Laws, and which were compensated by the salary which it is conceded was provided for relator. We are of the opinion that the position of the respondent is well taken. *Browne* v. *Board of Sup'rs of Livingston Co.*, 126 Mich. 276. Section 4460 is section 1 of Act No. 137, Pub. Acts 1883, entitled:

" An act to specify certain duties of health officers and provide for compensation therefor, in townships, cities and villages where the health officer is not otherwise instructed by the local board of health."

Section 4460 specifies the duties to be performed, among which is the duty of investigation passed on in the *Browne Case*. The same section makes it the duty of the health officer "to disinfect rooms, clothing, and premises and all articles likely to be infected before allowing their use by persons other than those in isolation." Section 4462, 2 Comp. Laws—section 3 of the act—provides that:

" In the fulfillment of the requirements of this act, the health officer, unless other provision shall have been made in accordance with law, shall be entitled to receive from the township, city or village of which he is health officer, compensation at the rate of not less than two dollars per day," etc.

It was the plainly expressed object of the statute to specify relator's usual duties as health officer and to provide the compensation for the specified duties. The service performed by relator was in discharge of a clearly specified duty, and the compensation therefor was provided for in section 4462, or in the provision for a salary

"made in accordance with law." The decision in *Browne*
v. *Board of Sup'rs of Livingston Co.*, 126 Mich. 276,
applies to all of the duties required of the health officer
under section 4460, and not to the first alone.

The order of the circuit court is affirmed.

GRANT, MONTGOMERY, OSTRANDER, and MOORE, JJ.,
concurred.